IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILLIP TIMOTHY HOWARD,

      Plaintiff,

v.                                    Case No. 4:19-cv-49-AW-MAF

GDB CAPITAL GROUP, LLC; GARY
DONALD BROTHERTON, JR.;
and BARRY RYAN CHAPMAN,

      Defendants.

_____/

## ORDER GRANTING DISMISSAL WITHOUT PREJUDICE AND AWARDING FEES

Phillip Howard sued GDB Capital and others, alleging federal and state claims. The claims relate to real estate transactions that Howard claims were actually usurious loans.[1] Howard has acted improperly and dishonestly throughout this litigation, and I issued an order requiring him to show cause why he should not be sanctioned. ECF No. 54. At a hearing on the issue, I determined that sanctions were appropriate.

---

[1] There is no operative complaint. I will refer to various iterations of the complaint by their given titles, though not all of them are correctly styled. Howard titled his first repleading as a "Second Amended Complaint." ECF No. 29. After that was dismissed, he filed a "Third Amended Complaint," ECF No. 38, followed by a "Verified Third Amended Complaint" (filed without leave), ECF No. 39. Because the "Verified Third Amended Complaint" was filed improperly, it was stricken. ECF No. 56 at 6. Howard missed the filing deadline for his "Fourth Amended Complaint," *see* ECF Nos. 56 at 7, 60 at 1, so it never became operative.

Now, Howard asks that his case be dismissed without prejudice. ECF No. 72 at 5, 7. The defendants agree that the case should be dismissed, but they want it *with* prejudice. ECF Nos. 71, 73. Having carefully considered the parties' arguments, I find that dismissal without prejudice is sufficient. This order also imposes sanctions on Howard, as announced at the hearing.

## BACKGROUND

Howard (then a licensed attorney[2]) initially sued on behalf of himself and his then-wife, Jennifer Howard. (To avoid confusing the two Howards, this order will refer to Jennifer Howard as "the wife," despite the fact that they are no longer married.) Throughout the case, Howard consistently failed to comply with the court's orders, resulting in four show-cause orders. *See* ECF Nos. 5, 10, 54, 59. The third show-cause order[3] came after the wife (his one-time purported co-plaintiff) filed notice through her attorney that the case was filed without her knowledge or authorization. *See* ECF No. 48 ¶ 1; ECF No. 54. Howard's response to the order was equivocal and did not say directly whether the wife authorized the suit. *See generally* ECF No. 55. It addressed ancillary issues, claiming Howard and the wife had met

---

[2] Recently, the Florida Supreme Court disbarred him. *See Fla. Bar v. Phillip Timothy Howard*, 2022 WL 872176, at *1 (Fla. Mar. 24, 2022).

[3] The first and second show-cause orders addressed Howard's failure to timely serve defendants. *See* ECF Nos. 5, 10. The fourth addressed his untimely filing of the Fourth Amended Complaint. *See* ECF No. 59.

with the U.S. Attorney's office to discuss the allegedly usurious transactions, that the wife knew about the litigation, that the lawsuit was in her interest, and that he would (apparently gratuitously) give her litigation proceeds. *See generally id*. I held a hearing to address the sanctions issue and other matters. *See* ECF No. 56.

When Howard testified under oath at the hearing, he continued to offer vague and evasive answers about whether the wife authorized a lawsuit in her name. *See* ECF No. 69 at 19-22. For example, when I asked Howard how the wife had manifested consent to the filing, he responded that she knew about the case and stood to benefit from it. *Id.* at 22:4-5. Only after I pointed out that awareness is not the same thing as consent did he unequivocally claim that he had asked her directly if he could file the lawsuit and that she said yes. *Id.* at 22:16-17. Because the latter statement would have directly answered the court's questions (and the earlier show-cause order) but was offered only after repeated questioning, and based on Howard's overall manner of testimony, I found him not credible.[4] ECF No. 69 at 45:21-23. My finding is that the wife never authorized Howard to sue on her behalf.

_____

[4] Howard's other testimony further undermined his credibility. For example, Howard gave shifting and inconsistent explanations for why the wife's purported signature was on the notarized deed to property in dispute, *see* ECF No. 60 at 42. His (improperly filed) "Fourth Amended Complaint" claimed that only he had signed the deed, ECF No. 60 ¶ 15, despite her apparent signature and despite earlier filings claiming that both he and the wife had transferred the property, ECF Nos. 23 ¶ 9; 38 ¶ 15; 39 ¶ 15. At the hearing, Howard explained away this inconsistency by saying the wife had "authorized" the signature purporting to be hers but had not

## DISMISSAL

The defendants seek dismissal with prejudice. ECF Nos. 70, 71. Howard instead seeks dismissal without prejudice under Rule 41(a)(2), so that the matter can be resolved in a related state court proceeding. ECF No. 72 ¶¶ 14, 18.[5] To dismiss *with* prejudice, I would have to "specifically find[] that lesser sanctions would not suffice." *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005). Although I must keep the defendants' interest in mind when ruling on a Rule 41(a)(2) motion for voluntary dismissal without prejudice, *see Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (explaining that "Rule 41(a)(2) exists chiefly for protection of the defendants"), I find that dismissal *without* prejudice is warranted here.

---

physically signed the deed, ECF No. 69 at 34:1-5, contradicting the notary's attestation that the wife had appeared personally to sign the deed, ECF No. 60 at 42. Overall, Howard was simply not credible.

[5] I will treat Howard's response to the post-hearing order (ECF No. 72) as a motion for voluntary dismissal under Rule 41(a)(2). Ordinarily, a plaintiff may voluntarily dismiss without a court order "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). The court takes judicial notice that Howard appears to have previously dismissed similar claims in state court. *See* ECF No. 60 ¶¶ 23, 59; *id.* at 50; *Howard v. GDB Capital Grp.*, Case No. 2018-CA-68 (Fla. 2d Cir. Ct. Mar. 16, 2018).

The defendants will suffer little harm, if any, from dismissal without prejudice. They have all been made parties to the state-court proceeding. *See* ECF No. 74 at 3. Chapman argues that he would be prejudiced because he "would be required to start over in his defense of these claims in a new case." ECF No. 73 at 3. But this is not sufficient legal prejudice under the Rule. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986).[6] Nor do the other defendants identify special circumstances to justify dismissal with prejudice. I find that the sanctions announced below are likely sufficient. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.").

Accordingly, I will grant Howard's request for dismissal without prejudice.

## SANCTIONS

This does not resolve the sanctions issue. *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 (11th Cir. 2021) (explaining that "even when a voluntary dismissal disposes of an entire action, district courts retain jurisdiction" to consider sanctions). I find that awarding attorney's fees is appropriate here.

---

[6] Chapman also argues that he is not a party to the state court proceeding, but he has since been named as a party. *See* ECF No. 74 at 3.

Because the fourth show-cause order placed Howard on notice of potential sanctions, Rule 11 permits the court to award "part or all of the reasonable attorney's fees and other expenses directly resulting from" his Rule 11 violations. Fed. R. Civ. P. 11(c)(4); 11(c)(5)(B). In the Eleventh Circuit, a lawyer may be subject to Rule 11 sanctions when he "files a pleading that has no reasonable factual basis" or "files a pleading in bad faith for an improper purpose." *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993).

Howard filed his first three complaints for an improper purpose by joining his wife as a plaintiff without her authorization. *See* Rule 11(b)(1); *see also Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1017 (11th Cir. 2007) ("An attorney may not file lawsuits without authorization of the plaintiffs on whose behalf the lawsuit is purportedly filed."). And there was no reasonable basis to assert claims on her behalf.

As discussed above, I do not believe that dismissal with prejudice is the only sanction sufficient to capture the gravity of Howard's conduct or deter similar conduct in the future. Instead, I will direct Howard to pay defendants' attorney's fees incurred responding to his Third Amended Complaint (ECF No. 38), "corrected" Third Amended Complaint, (ECF No. 39), and Fourth Amended Complaint (ECF No. 60). Those fees were incurred because Howard's filings joined a plaintiff he had no authority to join. I will also award attorney's fees that defendants incurred in

connection with this sanctions matter, including fees incurred in preparation for the

and the memoranda that defendants filed with respect to the sanctions issue, because

defendants also incurred those costs on account of Howard's sanctionable

misconduct under Rule 11.

## CONCLUSION

1.      Howard must pay the attorney's fees and costs incurred by the

remaining defendants in preparing and filing ECF Nos. 40, 41, 58, 67, 70, 71, and

73.

2.      The parties must confer regarding the amount of fees to be awarded and

file a joint notice no later than April 8, 2022 indicating whether they have agreed as

to the amount. If the parties cannot agree, the court will refer the matter to the

magistrate judge to make a recommendation regarding a reasonable amount.

3.      Howard's request to dismiss without prejudice (ECF No. 72) is

GRANTED. The clerk will enter a judgment that says, "This case is dismissed

without prejudice under Rule 41(a)(2)." Defendant's motions to dismiss with

prejudice (ECF Nos. 58, 71) are DENIED.

4.      The court will retain jurisdiction to enter judgment on the Rule 11 and

28 U.S.C. § 1927 sanctions.

5.      The clerk will administratively close the file.

SO ORDERED on March 30, 2022.

s/ *Allen Winsor*
United States District Judge